IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAMIRO GARCIA,

    Petitioner,

v.                                 CASE NO. 5:08cv165-RH/MD

SCOTT A. MIDDLEBROOKS,

    Respondent.

_____/

## ORDER DENYING PETITION

This matter is before the court on the magistrate judge's report and recommendation (document 4), to which no objections have been filed.

The report and recommendation correctly concludes that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for failure to exhaust administrative remedies. *See, e.g., Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) ("prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements").

The § 2241 exhaustion requirement is judicially created, not statutory. Judicially created exhaustion requirements ordinarily are subject to narrow

exceptions, including futility.  Even so, there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit.  *See Jaimes v. United States*, 168 Fed. Appx. 356, 359 (11th Cir. 2006) ("Given our precedent that the exhaustion requirement in § 2241 cases . . . is jurisdictional, whether he may even assert a futility exception to the requirement is questionable."); *Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir.2003) (stating that § 2241 is subject to a "jurisdictional" exhaustion requirement that may not be waivable).  And even if there is a futility exception, the petitioner has alleged no grounds for invoking it here.  *See Irwin v. Hawk*, 40 F.3d 347, 349 (11th Cir.1994) (requiring exhaustion in prisoner civil rights case even when denial of claim is likely because "[l]ight[]ning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim") (quoting *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir.1989)); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (holding that the BOP's alleged failure to release an inmate on his presumptive release date did not excuse the prisoner's failure to exhaust).

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED.  The petition is DENIED

without prejudice for failure to exhaust administrative remedies.  The clerk must enter judgment and close the file.

 SO ORDERED on July 12, 2008.

              s/Robert L. Hinkle
              Chief United States District Judge